UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward McCann | : | |
| 1559 Lafayette Street | : | |
| Lebanon, PA 17042 | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | CIVIL ACTION NO: |
| Delta Outsource Group, Inc. | : | |
| 2847 Ingram Mill Road, Suite A100 | : | |
| Springfield, MO 65804 | : | |
| | : | |
| And | : | |
| | : | **JURY TRIAL DEMANDED** |
| Springleaf Financial Services, Inc. f/k/a | : | |
| American General Financial Services, Inc. | : | |
| 601 N.W. 2nd Street | : | |
| Evansville, IN 47708 | : | |
| | : | |
| And | : | |
| | : | |
| John Does 1-10 | : | |
| | : | |
| Defendants. | : | |

## I. PRELIMINARY STATEMENT

1. This is an action for an award of attorney's fees and costs, actual, statutory, treble and punitive damages, also seeking equitable and other relief, brought under state and federal law, for Defendants' improper and illegal debt collection practices.

2. Individually, jointly and/or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are currently known, upon information and/or belief, and/or will be proven in discovery and/or at trial.

## II. JURISDICTION & VENUE

3. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331 and diversity conferred by §1332; Supplemental jurisdiction over state law claims is granted by 28 USC §1367.

4. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, which is the subject of this action is situated within this district.

## III. PARTIES

5. Plaintiff, Edward McCann, is and was an individual residing at the above captioned address. He is a citizen of Pennsylvania.

6. Defendant, Delta Outsource Group, Inc., is and was a business entity engaged in debt collection activities in the County of Lancaster, Commonwealth of Pennsylvania. Defendant is believed incorporated in and maintains a principal place of business in Missouri, and is registered to receive service at the above captioned address. Defendant is believed to be a citizen of Missouri.

7. At all times herein, Defendant Springleaf Financial Services, Inc., is and was a business entity engaged in debt collection activities in the County of Lancaster, Commonwealth of Pennsylvania. Defendant is believed incorporated in and maintains a principal place of business in Indiana, and is located at the above captioned address. Defendant is believed to be a citizen of Indiana.

8. Defendants, John Does 1-10, are a moniker for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder

for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every Count and averment listed above and below.

9.      Each of the Defendants was the agent, servant, and/or employee of their co-Defendants, and in doing the things hereinafter mentioned, were acting in the scope of their authority as such agents, servants and employees, with the permission and consent of their co-Defendants.

### IV. OPERATIVE FACTS

10.     Defendants collect debts using the mail and telephone. Defendants, and each of them, regularly and in the ordinary course of business attempt to collect consumer debts alleged to be due.

11.     On or about December 8, 2004, Plaintiff allegedly created an account (ending 5192) with American General Credit Services and therefore incurred a financial obligation primarily for personal, family or household purposes. This obligation allegedly went into default for late payment.

12.     On or about April 1, 2010, Plaintiff, in an effort to resolve this debt, retained the services of The Seideman Law Firm P.C., a law firm that provides assistance to consumers struggling with consumer-related debt issues.

13.     On or about May 8, 2010, Defendant, Springleaf Financial, offered to settle account ending in 5192 for $747. (Exh. A).

14.     On or about May 8, 2010, Defendant, American General Finance, and Plaintiff, through The Seideman Law Firm, and with the approval of Defendant, reached an

agreement to pay in full the account ending 5192 for $747. The total amount Defendants Springleaf Financial alleged was owed by Plaintiff was $1,619.67 (*Id.*).

15.     On May 17, 2010, check number 58031 was issued to Defendant American General Finance Services, for $747.00 as agreed. (Exh. B).

16.     On May 27, 2010, the check cleared the account of The Seideman Firm. (Exh. C).

17.     Sometime after March 1, 2012, Defendant, Delta Outsource Group, through its representative, Defendant, John Doe, represented that account ending 5192 was still due, and had been retained to deal with Plaintiff on behalf of Defendant Springleaf Financial. Defendant, Delta Outsource Group, then began collecting on account ending 5192.

18.     After contacting Plaintiffs, Defendant, Delta Outsource Group, through its representatives, Defendants, John Does, began calling Plaintiffs upwards of 10 times a day.

19.     Furthermore, Defendant, Delta Outsource Group, continually called Plaintiff's place of work, often leaving messages even when Plaintiff was not working that shift.

20.     Due to Plaintiff's work, often times, when the Defendant called and left messages, the voicemail used was that of a township emergency hotline, plaintiff's employer.

21.     Plaintiff believes and on that basis alleges that Defendants Springleaf Financial, and each of them, maliciously, fraudulently, and intentionally retained Defendant Delta Outsource Group, to collect on account ending 5192 with knowledge that the account had already been settled in the hopes to collect more than the agreed upon $747.00.

## V. CAUSES OF ACTION

### COUNT I
### Unfair Trade Practices and Consumer Protection Law ("UTPCPL")

22. Paragraphs 1 through 21 are incorporated by reference as if fully set forth at length herein.

23. The UTPCPL proscribes, *inter alia*, engaging in any "unfair or deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

24. The actions of Defendants constitute unfair or deceptive acts and practices under UTPCPL, additionally including, but not limited to the following, *inter alia*:

   a. Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi); and

   b. Defendants failed to comply with the FCEUA, which is a per se violation of the UTPCPL.

### COUNT II
### Fair Debt Collection Practices Act ("FDCPA")

25. Paragraphs 1 through 24 are incorporated by reference as though fully set forth at length herein.

26. Defendants are "debt collectors" as defined by 15 U.S.C.A. § 1692d(6), attempting to collect a debt as defined by 15 U.S.C.A. § 1692a(5).

27. Defendants' conduct violated the FDCPA by contacting Edward McCann following valid settlement of debt (15 U.S.C.A. § 1692e(2)(a)); contacting Plaintiffs repeatedly and contrary to their requests to cease and desist all contact after being advised Plaintiff was represented (15 U.S.C.A. § 1692b(6)); and by engaging in harassing phone contact with Plaintiffs (15 U.S.C.A. § 1692d); communication in connection with a debt

at an unusual place (15 U.S.C.A. § 1692a(1)); contacting a debtor at their place of business (15 U.S.C.A. § 1692a(3));.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendants for the following:

A. Actual and compensatory damages;

B. Treble damages;

C. Costs of litigation and reasonable attorney's fees;

D. Punitive damages; and

E. Such other and further relief as the Court deems proper

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiff
Attorney ID No.: 85570
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-08800 – Fax