**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Edward McCann, | : | Civil Action No: 12-2025 |
| Plaintiff, | : | |
| | : | The Honorable John E. Jones, III |
| v. | : | |
| | : | |
| Delta Outsource Group, Inc. and | : | Electronically Filed |
| Springleaf Financial Services, Inc., | : | |
| Defendants. | : | |

**MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S COMPLAINT AND STAY LITIGATION, INCLUDING ALL DISCOVERY, PENDING ARBITRATION**

Defendant Springleaf Financial Services, Inc. ("Springleaf"), respectfully moves this Court to compel arbitration of Plaintiff Edward McCann's ("Plaintiff") claims and to stay this litigation, including all discovery, pending resolution of arbitration. In support of this motion, Springleaf states as follows:

### I.   PROCEDURAL HISTORY.

1.   Plaintiff initiated this action against Springleaf and Delta Outsource Group, Inc., on October 9, 2012 by filing the Complaint. (Doc. 1.)

2. In Count I of the Complaint, Plaintiff alleges violations of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*

3. In Count II of the Complaint, Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## II. FACTUAL BACKGROUND.

4. Springleaf, formerly known as American General Financial Services, is in the business of making consumer loans, including through retail installment transactions.

5. Consumers choosing to finance the terms of a purchase with one of Springleaf's consumer retail dealers complete an application for a retail installment transaction. Upon approval by Springleaf and consummation of the purchase by the consumer, the dealer will assign the retail installment transaction to Springleaf.

6. On or about December 8, 2004, Plaintiff executed a credit application and entered into a retail charge agreement (the "Agreement") with VanScoy, Maurer & Bash, who assigned the Agreement to Springleaf on or about December 8, 2004.

7. Among other provisions, the Agreement contains conspicuous and clear arbitration provisions in three separate locations that provide as follows:

> **ARBITRATION PROVISIONS.** Except as provided below, either you or Creditor may choose that any claim or dispute between the parties or any claim, dispute or controversy involving you and any other party arising from or relating to this agreement, including the

validity of this arbitration clause or the entire agreement, shall be resolved by binding arbitration.

[. . .]

By signing this Agreement, you agree to the Arbitration Provision above, which provides that you or Creditor can require that all disputes, claims or controversies between the parties be submitted to BINDING ARBITRATION.

**YOU UNDERSTAND THAT YOU ARE VOLUNTARILY WAIVING YOUR RIGHT TO A JURY TRIAL OR JUDGE TRIAL FOR SUCH DISPUTES.**

[. . .]

**Arbitration.  BY SIGNING BELOW, YOU HAVE READ, UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS IN THIS DOCUMENT, INCLUDING THE ARBITRATION PROVISIONS THAT PROVIDE, AMONG OTHER THINGS, THAT EITHER YOU OR CREDITOR MAY REQUIRE THAT CERTAIN DISPUTES BETWEEN YOU AND CREDITOR BE SUBMITTED TO BINDING ARBITRATION. IF YOU OR CREDITOR ELECT TO USE ARBITRATION, BOTH YOU AND CREDITOR WILL HAVE WAIVED YOUR AND CREDITOR'S RIGHT TO A TRIAL BY A JURY OR A JUDGE, THE DISPUTE WILL BE DECIDED BY AN ARBITRATOR AND THE DECISION OF THE ARBITRATOR WILL BE FINAL.  ARBITRATION WILL BE CONDUCTED PURSUANT TO THE RULES OF THE NATIONAL ARBITRATION FORUM.**

(Brief in Support, Ex. A, pp. 1-2.)

8. When Plaintiff signed the Agreement, he acknowledged that he read and received a copy of the Agreement.  (Brief in Support, Ex. A, p. 1.)

9. Plaintiff's obligation under the Agreement went into default for late payment.

### III. ARGUMENT.

10. The Agreement and any related disputes are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, because the Agreement provides that it "shall be governed by the [FAA]." Brief in Support, Ex. A, p. 2.)

11. Under the FAA, written agreements to arbitrate controversies arising out of an existing contract are "valid, irrevocable and enforceable." 9 U.S.C. § 2.

12. A party aggrieved by the failure of another to arbitrate under a written agreement may petition the Court for an order directing such arbitration. 9 U.S.C. § 4.

13. A court must compel arbitration on all issues that parties agreed to arbitrate in an agreement governed by the FAA. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

14. The Parties clearly agreed to arbitrate all claims, and Plaintiff's claims fall within the scope of the Agreement.

15. The Agreement assigns the National Arbitration Forum ("NAF") to hear the dispute; however, the NAF since ceased administering arbitration disputes.

16.     The United States Court of Appeals for the Third Circuit has held that, that, absent a showing by the party opposing arbitration that the choice of the arbitrator was integral to the agreement to arbitrate, a court may not void an arbitration agreement upon the named arbitrator's unavailability.

17.     Section 5 of the FAA specifically provides that in such a lapse a court shall appoint an arbitrator.  9 U.S.C. § 5.

18.     The American Arbitration Association ("AAA") or JAMS (formerly Judicial Arbitration and Mediation Services or JAMS-Endispute) are nationally-recognized arbitral forums that have established rules of procedure and employ panels of experienced and trained attorneys and former judges, and either would be an appropriate arbitral forum to hear the dispute.  *See generally* AAA website, available at http://www.adr.org/ (last visited Nov. 12, 2012), and JAMS website, available at http://www.jamsadr.com/ (last visited Nov. 12, 2012).

19.     Section 3 of the FAA provides that a court must stay proceedings until the arbitration has been resolved.  9 U.S.C. § 3.

**IV.   CONCLUSION.**

WHEREFORE, Defendant Springleaf Financial Services, Inc., respectfully requests the Court to grant this Motion to Compel Arbitration, appoint a substitute arbitrator, and stay all proceedings in this litigation, including discovery, pending resolution in arbitration.

      Respectfully submitted,

      s/Robert J. Hannen
      Robert J. Hannen, Esquire
      PA ID No. 63432
      Eckert Seamans Cherin & Mellott, LLC
      Suite 200, Summitt Corporate Center
      1001 Corporate Drive
      Canonsburg, PA  15317-8563
      Telephone:  724-873-2870
      Facsimile:   724-743-2901
      E-mail:       rhannen@eckertseamans.com

      and

      Erin R. Kawa, Esquire
      PA ID No. 308302
      Eckert Seamans Cherin & Mellott, LLC
      213 Market Street, Eighth Floor
      Harrisburg, PA 17101
      Telephone:  717-237-6000
      Facsimile:   717-237-6019
      E-mail:       ekawa@eckertseamans.com

Date:  November 13, 2012  Attorneys for Springleaf Financial Services, Inc.

## CERTIFICATE OF NON-CONCURRENCE

Pursuant to Local Rule 7.1, Springleaf Financial Services, Inc. conferred with counsel for Plaintiff via telephone on November 13, 2012 to request concurrence in this Motion. Counsel for Plaintiff indicated that Plaintiff does not agree on the disposition of Springleaf Financial Services, Inc.'s Motion to Compel Arbitration and Stay Litigation of Plaintiff's Complaint, Including Discovery, Pending Resolution of Arbitration.

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing document upon the persons and in the manner indicated below via electronic filing, which service satisfies the requirements of the Federal Rules of Civil Procedure.

      Matthew B. Weisberg, Esquire
      Weisberg Law, P.C.
      7 South Morton Avenue
      Morton, PA  19070
      Telephone:   610-690-0801
      Facsimile:    610-690-0880
      E-mail:          mweisberg@weisberglawoffices.com

                                s/Erin R. Kawa
                                Erin R. Kawa, Esquire
Date: November 13, 2012       Attorneys for Springleaf Financial Services, Inc.