# Exhibit A

**GENERAL FINANCIAL SERVICES**

13797

**PLEASE PRINT PLAINLY**

Merchant Fax Number: (717) 299-1985 — Cannot process without fax number.

Amount Financed: 850

Date: 12/08/04

**FAILURE TO PROVIDE THE AMOUNT TO BE FINANCED MAY RESULT IN AN INSUFFICIENT CREDIT LIMIT ASSIGNMENT.**

Last Name: MCCANN
First Name: EDWARD
MI: J
Suffix: SR
# Dependents:

Date of Birth: [redacted]
Social Security Number: [redacted]
Home Phone: [redacted]

Time At Address: Yrs. 25 Mos.
Present Address: [redacted]
☒ Own

City: LEBANON
State: PA
Zip: 17042
Value Of Home: [redacted]
Mo. Rent/Mtg. Pmt.:

PRESENT EMPLOYER: CITY OF LEBANON
Income: 28,000 ☒ Annual

Time At Employer: Yrs. 2 Mos. 1
Occupation or Title: EQUIPMENT OPERATOR
Employer's Phone: [redacted]

---

**APPLICANT/JOINT APPLICANT : READ AND SIGN BELOW**

YOU AGREE YOU READ AND RECEIVED A COPY OF YOUR AGREEMENT BEFORE ANY SALE WAS MADE UNDER THIS ACCOUNT.

**DISCLOSURES REQUIRED BY FEDERAL LAW REGARDING THE ANNUAL PERCENTAGE RATE, GRACE PERIODS, LATE PAYMENT FEES AND ADDITIONAL INFORMATION APPEAR ON THE FOLLOWING PAGE.**

**Arbitration.** BY SIGNING BELOW, YOU HAVE READ, UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS IN THIS DOCUMENT, INCLUDING THE ARBITRATION PROVISIONS THAT PROVIDE, AMONG OTHER THINGS, THAT EITHER YOU OR CREDITOR MAY REQUIRE THAT CERTAIN DISPUTES BETWEEN YOU AND CREDITOR BE SUBMITTED TO BINDING ARBITRATION. IF YOU OR CREDITOR ELECT TO USE ARBITRATION, BOTH YOU AND CREDITOR WILL HAVE WAIVED YOUR AND CREDITOR'S RIGHT TO A TRIAL BY A JURY OR JUDGE, THE DISPUTE WILL BE DECIDED BY AN ARBITRATOR AND THE DECISION OF THE ARBITRATOR WILL BE FINAL. ARBITRATION WILL BE CONDUCTED PURSUANT TO THE RULES OF THE NATIONAL ARBITRATION FORUM.

Buyers agree to the terms of the Revolving Credit Sale Agreement on reverse.

Applicant's Signature: E J McCann Sr.    Date: 12-8-04

Seller's Name: VAN SCOY, MAURER & BASH
Seller's Merchandise: DIAMOND ENG. RING.

**MERCHANT USE ONLY**

Drivers License #: 19 025 622 

038-V+1800 PA Revolving Retail 18% (REV. 3-04)

| | |
|---|---|
| **ANNUAL PERCENTAGE RATE FOR SALES** | 18% |
| **GRACE PERIOD FOR REPAYMENT OF BALANCES FOR PURCHASES** | There is no grace period for new Purchases, but if you pay the New Balance in full by the Payment Due Date, no FINANCE CHARGES will be charged on that amount on any later statement. |
| **METHOD OF COMPUTING THE BALANCE FOR SALES** | Average Daily Balance Method including current transactions. |
| **MINIMUM FINANCE CHARGE** | $.50 per month |
| **LATE CHARGE** | $12.00 |

This Agreement explains the terms that both Creditor (Seller or Seller's Assignee) and you (Buyer and all signers of this Agreement) agree to follow for this credit account ("Account").

**CREDIT LIMIT.** If your Account is approved, you may purchase goods or services from the Seller up to the amount of your Credit Limit you are advised of from time to time. We may refuse to honor any transaction that would cause your Account to exceed its Credit Limit.

**SALE OF AGREEMENT.** Seller will submit your Application to American General Financial Services, Inc. (P.O. Box 59, Evansville, IN 47701), or its affiliate, which may buy this Agreement and all sales slips under this Account.

**PROMISE TO PAY.** Creditor shall give you sales slips that describe goods or services purchased on this Account (each a "Purchase"). You promise to pay Creditor the amount of those Purchases, FINANCE CHARGES and other charges, shown on your monthly statement. You will pay monthly at least the minimum payment due (see Minimum Payment below), unless the Creditor otherwise agrees in writing. Payments shall be made at the address shown on the monthly statement. You may at any time pay the full amount you owe without penalty. We may enforce this Agreement against any one or all persons who initially or subsequently request, accept, guarantee or use the Account.

**MINIMUM MONTHLY PAYMENT.** You will pay monthly at least the following portion of the New Balance calculated after your most recent Purchase (rounded up to the nearest whole dollar): 4% of each purchase (based on the total of all Purchases, and not less than $20 for each purchase, excluding certain Special Payment Purchases as described below). Each payment (except a down payment) is applied in the following order: to unpaid (1) permissible charges assessed, (2) insurance Charge, (3) FINANCE CHARGE, and (4) remaining balance. Please follow the instructions on your billing statement if you have more than one purchase and wish to apply your payment to a specific purchase.

**FINANCE CHARGES.** FINANCE CHARGES are computed by applying a daily periodic rate to your Average Daily Balance (including current Purchases) for each day in each billing period. The Average Daily Balance is the total of the Balances Owed for all days in the billing period divided by the number of days in that period. The Balance Owed each day is the sum of the unpaid amount of (1) Purchases made on or before such day (including current Purchases, other than any Special Purchases not subject to FINANCE CHARGES) and (2) FINANCE CHARGES and other charges when the billing period starts, less (3) credits and payments received in the billing period on or before that day. To determine any billing period's FINANCE CHARGE, multiply the Average Daily Balance by a daily periodic rate of 0.04932%, (18% ANNUAL PERCENTAGE RATE) times each day in the billing period unless the Purchase is a Special Purchase (see Series 57000 Special Payment Plan in which case the daily periodic rate is estimated to be between 0% (0% APR) and 0.04932%, (18% APR). The Minimum Monthly FINANCE CHARGE is $.50. FINANCE CHARGES for each Purchase are imposed beginning on the latest of: (a) date of Purchase, (b) date of delivery of goods if more than 10 days after date of Purchase, or (c) start of performance of services or home improvements began by Seller (each a "Standard FINANCE CHARGE Start Date"). If you pay the New Balance in full by the Payment Due Date, no FINANCE CHARGES will be charged on that amount on any later statements.

**SPECIAL PAYMENT PLAN FOR CERTAIN PURCHASES.** ("Special Purchases"). If so designated on the Revolving Charge Sales Invoice ("Sales Slip"), a Special Purchase under this Agreement will be subject to one of the following Special Payment Plans, but these terms do not apply to other Purchases. ON THE SPECIAL PURCHASE PAYMENTS AND PURCHASE CREDIT INSURANCE PREMIUMS WILL BE BILLED AND MUST BE PAID DURING THE DEFERRED PAYMENT PERIOD. FOR EACH SPECIAL PAYMENT PLAN DESCRIBED BELOW, WHEN THE TOTAL NEW ON THE CLOSING DATE OF ANY BILLING CYCLE EQUALS OR EXCEEDS ANY THREE (3) REQUIRED MINIMUM MONTHLY PAYMENTS, ALL SPECIAL PURCHASE PLANS WILL TERMINATE AND FINANCE CHARGES SHALL BE IMPOSED FROM THE STANDARD FINANCE CHARGE START DATE(S), AND REPAYMENT TERMS FOR THE SPECIAL PURCHASE WILL BE THE SAME AS IN THE CASE OF A PURCHASE.

**Series 52000 Same as Cash/Minimum Payment Required.** During the specified option period, you may pay the full balance of the Special Purchase with no FINANCE CHARGES. But to do so, you must pay in full in the option period, and on time. If you do not pay in full in the option period, FINANCE CHARGES are computed from the Standard FINANCE CHARGE Start Date.

**Series 53000 Deferred Payment/Deferred FINANCE CHARGES.** During the specified option period, you may pay the full balance of the Special Purchase, with no FINANCE CHARGES, and no payments are due. If you do not pay in full in this period, FINANCE CHARGES are computed from the date the option period ends.

**Series 54000 Same as Cash/Deferred Payment.** During the specified option period, you may pay the full balance of the Special Purchase, with no FINANCE CHARGES, and no payments are due. If you do not pay in full in this period, FINANCE CHARGES are computed from the Standard FINANCE CHARGE Start Date.

**Series 55000 Deferred FINANCE CHARGES.** During the specified option period, there will be no FINANCE CHARGES on the balance of the Special Purchase, but you must pay all scheduled payments in full and on time. FINANCE CHARGES begin on the date the option period ends.

**Series 56000 Same as Cash/Fixed Payment.** During the specified option period, you may pay the full balance of the Special Purchase, with no FINANCE CHARGES, but to do so, you must pay all fixed payments in full and on time. If you do not pay in full in the option period, FINANCE CHARGES are computed from the Standard FINANCE CHARGE Start Date.

**Series 57000 Reduced Annual Percentage Rate.** During the specified option period, FINANCE CHARGES will be computed at a lower Annual Percentage Rate than shown above on the Special Purchase.

**Series 58000 Deferred Payment.** During the specified option period, no payment will be due on the Special Purchase. FINANCE CHARGES begin on the Standard FINANCE CHARGE Start Date.

If you have purchased credit insurance, coverage begins immediately and any premiums earned prior to payment of your Purchase in full will not be refunded.

**CHANGE OF TERMS (INCLUDING RATE).** Creditor may, at any time and to the extent not prohibited by law: (a) terminate this Agreement, (b) decrease your Credit Limit, or (c) change any other term or condition (including the periodic rate of FINANCE CHARGE) or add new terms. If required by law, Creditor will mail written notice to you at your last known billing address at least 15 days (unless a longer period is required by law) before the beginning of the billing cycle in which such change is required. Creditor will terminate your Account if it has a zero balance ($0.00) for six consecutive billing cycles.

**SECURITY.** You give Creditor a security interest under the Uniform Commercial Code in any goods you buy under this account, until you pay for them. To determine Creditor's security interest, payments will be applied first to the unpaid amount of your oldest purchase, or, when made on the same day, to the lowest priced Purchase. Creditor waives any security interest in your home if the goods are installed, and any laborer, supplier or similar lien.

**LIABILITY FOR UNAUTHORIZED USE.** You may be liable for unauthorized use of your Card. You will not be liable for unauthorized use that occurs after you notify American General Financial Services, Inc., Service Center, P.O. Box 3212, Evansville, Indiana 47731-3212, 1-877-303-7334, orally or in writing, of loss, theft, or possible unauthorized use of your Card or Account. In any case, your liability shall not exceed the lesser of $50 or the amount of unauthorized use.

**NOTICE TO US.** Notify us promptly of your change in address and loss or theft of your Card or other means of Account access. Notify us of any substantial change in your financial status which would adversely affect your ability to repay the Account.

**LATE PAYMENT CHARGES.** If you have not paid your minimum payment within 59 days following the billing date of the statement on which that minimum payment first appears, you will pay $12.

**DEFAULTS.** Subject to the limitations of applicable law, we may declare that you are in default under this Agreement if you (a) fail to make at least the Minimum Monthly Payment when due, (b) violate any other term of this Agreement; (c) become the subject of bankruptcy or insolvency proceedings; or (d) exceed the Credit Limit on your Account. After your default or death, and subject to the limitations of applicable law, we have the right to: (i) reduce your Credit Limit, (ii) terminate your Account, in which case the terms of this Agreement will apply until full payment is received of the amount owing on your Account, including FINANCE CHARGES which will continue to accrue to the date of full payment, (iii) require immediate payment of your entire Account balance, including Special Payment Plan balances, all accrued but unpaid FINANCE CHARGES, and all fees and other charges listed in this Agreement; and (iv) bring an action to collect all amounts owed. If, after your default, we refer your Account to an attorney who is not our salaried employee, we may, to the extent permitted by applicable law, charge you or collect from you our collection costs, including court costs and reasonable attorneys' fees.

**APPLICABLE LAW.** This Agreement will be governed by the law of the State of Pennsylvania.

**CREDITOR REPORTS.** Creditor may request a consumer report from consumer reporting agencies in considering your credit application and for update, renewal, extension or collection of your Account. Creditor may use any credit report obtained in connection with opening this Account for future credit offers. You are hereby notified that if you fail to fulfill the terms of your credit obligations, a negative credit report reflecting on your credit record may be submitted to a credit reporting agency.

**DISPUTES.** You agree to try in good faith to resolve all disputes over Purchases directly with the merchant. You agree that you will not settle a dispute or reduce the amount we say you owe us by writing "paid in full" or "fully paid" or any other similar phrases, or any other phrases with similar meanings on the back of a check, draft, or any other payment instrument used to pay the amounts owed on your Account. You agree that we may cash or negotiate any check, draft, or any other payment instrument you send us without settling the dispute and without reducing the amount you owe us except by the amount of the payment.

**ORAL MODIFICATION.** This written Agreement, and any written amendments which we send you, are the final expression of our agreement with us. This Agreement may not be contradicted by evidence of any alleged oral agreement.

**CANCELLATION.** We own the Card. You may not assign the Account. On request you must surrender the Card(s) to us or any authorized institution or merchant. You may cancel this Agreement by sending us a written request for Account cancellation with your Card(s) and other means of Account access cut in half. Cancellation will not affect the existing obligations.

**SUBSTITUTION.** We may, at our option, replace your Card(s) with another because the underlying Account relationship has changed in some way.

**QUALITY SERVICE.** We may listen to and/or record telephone conversations between you and our associates for training purposes or to evaluate the quality of our customer service. We may use an automated dialing device to call you directly regarding your Account. After contact is made, one of our associates will speak to you directly.

**ARBITRATION PROVISIONS.** Except as provided below, either you or Creditor may choose that any claim or dispute between the parties or either, dispute or controversy involving you and any other party arising from or relating to this agreement, or any other party arising from or resulting from this agreement, including the validity of this arbitration clause or the entire agreement, shall be resolved by binding arbitration. Notwithstanding any other terms of this Arbitration Provisions, you cannot elect to arbitrate and Creditor shall not be required to arbitrate Creditor's self-help or judicial remedies of replevin, garnishment, repossession, or foreclosure with respect to any property that secures this Agreement. Provided, however, that Creditor can elect to arbitrate such claims if such election is made, you agree to be bound by such election and the terms of the Arbitration Provisions shall govern the proceedings. Creditor's exercise of its rights under this paragraph shall not be deemed a waiver of its rights to elect arbitration.

A single arbitrator shall conduct arbitration, under the Code of Procedure in effect at the time the claim is filed. Rules and forms of the National Arbitration Forum may be obtained by calling (800) 474-2371 and all claims shall be filed at P.O. Box 50191, Minneapolis, Minnesota 55405, (651) 631-0802 (fax), or www.arb-forum.com (e-mail). The party electing arbitration shall pay any initial filing fee except that Creditor shall pay the filing fee in excess of $125 and any deposit required for up to a maximum of eight hours of hearings. Any participatory hearing will take place in the county where you live unless you and Creditor agree to another location. Arbitration provisions shall be governed by the Federal Arbitration Act. Judgement upon the award may be entered in any court having jurisdiction. By signing this agreement, you agree to the Arbitration Provision above, which provides that you or Creditor can require that all disputes, claims, or controversies between the parties be submitted to BINDING ARBITRATION. YOU UNDERSTAND THAT YOU ARE VOLUNTARILY WAIVING YOUR RIGHT TO A JURY TRIAL OR JUDGE TRIAL FOR SUCH DISPUTES.

**NOTICE: ANY HOLDER OF THE CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**SELLER'S ASSIGNMENT. FOR VALUE RECEIVED,** the undersigned Seller hereby sells and assigns to American General Financial Services, Inc., or its affiliate, subsidiary or successor in interest, all right, title, and interest in and to (1) the Application/Agreement, and (2) all present and future sales slips and charge slips, and the indebtedness and property covered thereby, entered into by the Buyer(s) under terms of the Application/Agreement. This assignment is subject to the terms of the Dealer Agreement between the undersigned Seller and American General Financial Services, Inc.

Seller: VAN SCOY  By: Bill
Date: 12-8-07

**SELLER'S NAME AND ADDRESS**

VAN SCOY, MAUREEN & BASIL
830 PLAZA BLVD.
LANCASTER, PA 17601