UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD McCANN, | : | No. 1:12-cv-2025 |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | |
| DELTA OUTSOURCE GROUP, INC. and SPRINGLEAF FINANCIAL SERVICES, INC., | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### January 16, 2013

Presently pending before the Court is the Motion to Compel Arbitration ("Motion") filed by Defendant Springleaf Financial Services, Inc., on November 13, 2012. (Doc. 7). For the reasons that follow, we will grant the said Motion.

## I. BACKGROUND

On or about December 8, 2004, Plaintiff Edward McCann ("Plaintiff") entered into a retail charge agreement with Vanscoy, Maurer & Bash, who ultimately assigned the agreement to Defendant Springleaf Financial Services, Inc. ("Springleaf") (Doc. 7 ¶ 6). The retail charge agreement contained an arbitration provision stipulating that all claims between the parties shall be resolved by

1

binding arbitration.[1] (Doc. 23 Ex. A, p. 3).

The retail charge agreement thereafter went into default for late payment. (Doc. 1 ¶ 11). Plaintiff and Springleaf then settled the allegedly defaulted account in May of 2010. (*Id.* ¶¶ 14-16). Beginning sometime after March 1, 2012, Defendant Delta Outsource Group ("Delta") contacted Plaintiff with regard to collecting the previously settled debt. (*Id.* ¶ 17). Delta, through its employees, began contacting the Plaintiff upwards of ten (10) times per day, often leaving messages at the Plaintiff's place of work. (*Id.* ¶¶ 18-20).

Plaintiff filed a Complaint (doc. 1) against Springleaf and Delta on October

---

[1] In pertinent part the arbitration provisions provide as follows:

> ARBITRATION PROVISIONS: Except as provided below, either you or Creditor may choose that any claim or dispute between the parties or any claim, dispute or controversy involving you and any other party arising from or relating to this agreement or the relationships which result from this agreement, including the validity of this arbitration clause or the entire agreement, shall be resolved by binding arbitration. . . A single arbitrator shall conduct arbitration, under the Federal Rules of Evidence and National Arbitration Forum's Code of Procedure in effect at the time the claim is filed. . . The party electing arbitration shall pay any initial filing fee except that Creditor shall pay the filing fee in excess of $125 and any deposit required by the NAF. Creditor agrees to pay the initial costs of arbitration up to a maximum of eight hours of hearings. . . Arbitration Provisions shall be governed by the Federal Arbitration Act. Judgement upon the award may be entered in any court having jurisdiction. By signing this Agreement, you agree to the Arbitration Provision above, which provides that you or Creditor can require that all disputes, claims, or controversies between the parties be submitted to BINDING ARBITRATION.

9, 2012, alleging violations of the Fair Debt Collection Protection Act ("FDCPA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Springleaf then filed the instant Motion to Compel Arbitration, citing the arbitration clause contained in the retail charge agreement. (Doc 7.). The Motion has been fully briefed and is thus ripe for our review.

## II.  STANDARD OF REVIEW

At the district court, the standard of review for a motion to compel arbitration is the same standard applied to motions for summary judgment. *Khan v. Dell Inc.*, 669 F.3d 350, 353 (3d Cir. 2012). The party opposing the motion "is given the benefit of all reasonable doubts and inferences that may arise." *Id.* A motion to compel arbitration should be granted only if there is no genuine material issue of fact that the agreement between the parties sought arbitration. *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d. 1980).

## III.  DISCUSSION

In support of its Motion, Springleaf contends that the arbitration agreement is binding on the parties and includes this controversy within its scope. In opposition to Springleaf's Motion, the Plaintiff responds that the limited liability clause contained in the arbitration agreement and the costs of arbitration prohibit the Court from enforcing the arbitration agreement. We begin by examining the

nature and scope of the arbitration agreement before turning to the parties' remaining arguments.

### A. Validity and Scope of Arbitration Agreement

Under the Federal Arbitration Act ("FAA"), a motion to compel arbitration requires inquiry into the validity and scope of the arbitration agreement.[2] *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). An arbitration agreement is valid if it is in writing and is not revocable under general principles of contract law. *See* 9 U.S.C. § 2. The arbitration agreement at issue here is in writing, (*see* doc. 23 ex. A, p. 3), and there has been no allegation by any part that the contract is unenforceable under general principles of contract law. Accordingly, the arbitration agreement is valid under the FAA.

We next must consider whether the instant dispute is within the scope of the arbitration agreement. The agreement sets the scope of arbitration to "any claim or dispute between the parties or any claim, dispute, or controversy involving you and any other party arising from or relating to this agreement or the relationships which

---

[2] The Federal Arbitration Act ("FAA") is applicable to arbitration agreements for any transaction involving interstate commerce. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 (1967). The Plaintiff is a citizen of Pennsylvania who entered into a retail charge agreement later assigned to Springleaf, an entity incorporated in the state of Indiana. (Doc. 1 ¶¶ 5, 7). Thus, because the arbitration agreement at issue involves interstate commerce, the FAA will govern our analysis.

result from this agreement." (Doc. 23 Ex. A, p. 3). The present dispute quite clearly arises from the relationship between the parties under the retail charge agreement. Indeed, the dispute involves an alleged default under the agreement and the Defendants' debt collection practices following said default. (Doc. 1 ¶¶ 11-16). This dispute is thus clearly within the scope of the arbitration agreement.

B. **Costs of Arbitration**

In opposition to Springleaf's Motion, Plaintiff argues that the costs of arbitration would be prohibitively expensive compared to the original amount financed and that the district court is thus the more appropriate forum for this dispute.[3] (Doc. 17). In order for this argument to bar enforcement of the arbitration agreement, the Plaintiff must show the likelihood of incurring such costs. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000) ("[W]here, as here, a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs.").

The arbitration clause in question requires the party requesting arbitration to pay any initial filing fees. (Doc. 23, Ex. A, p. 3). The clause also requires the creditor to pay any filing fees in excess of $125 as well as pay for the first eight

---

[3] Plaintiff notes in his opposition papers that the amount originally financed was $850.

hours of arbitration. (*Id.*) These limitations on Plaintiff's financial obligations alone belie the Plaintiff's argument that arbitration has the ability to become prohibitively expensive. Further, because the original arbitrator is unavailable and the parties have yet to agree to a new arbitrator, the risk that Plaintiff will be "saddled with prohibitive costs is too speculative to justify the invalidation of [the] arbitration agreement." *Green Tree*, 531 U.S. at 91.[4]

### C. Limiting Liability Clause

Lastly, the Plaintiff argues that the limited liability clause contained in the arbitration agreement invalidates the entire agreement because it improperly limits statutory rights to recovery. (Doc. 17). The arbitration agreement contains a limiting liability clause which limits recovery to the amount actually paid by the debtor.[5] (Doc. 23 Ex. A, p. 3). This provision is in accordance with Section 433.2 of the Code of Federal Regulations, which mandates that such language be

---

[4] Under the original agreement, arbitration was to be handled by the National Arbitration Forum ("NAF"). However, NAF is no longer conducting consumer arbitrations. The FAA allows the court to appoint a substitute arbitrator when the designated arbitrator is unavailable unless the selection of the arbitrator was central to the nature of the agreement. *See Khan v. Dell Inc.*, 669 F.3d 350, 354 (3d Cir. 2012). Neither party argues that the designation of NAF was so central to the agreement as to prohibit substitution, and the Court thus concludes that the unavailability of the arbitrator does not invalidate the agreement. However, although both parties have suggested substitute arbitrators, no arbitrator has yet been selected or appointed and thus the Plaintiff's "prohibitive costs" argument is far too speculative to compel the Court to override the otherwise valid arbitration clause.

[5] The limited liability clause of the agreement provides that "[r]ecovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder."

included in all consumer credit contracts. *See* 16 C.F.R. § 433.2. The Plaintiff contends that because this language purports to limit his statutory rights to recovery under both the FDCPA and UTPCPL, which allow actual damages, cost and fee shifting, and punitive and treble damages, the very presence of the limited liability clause invalidates the entire arbitration agreement.

It has long been held that arbitration is a viable alternative for dispute resolution and that selecting arbitration does not and cannot limit the statutory remedies available to a party. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 628 (1985) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum."). As the Plaintiff observes, the FDCPA provides that a successful plaintiff may collect actual damages in addition to attorneys fees and costs. The UTPCPL permits a successful party to collect the same, in addition to treble damages. Thus, the limited liability clause in the arbitration agreement is patently at odds with the statutory remedies, which clearly permit a successful plaintiff to seek damages above and beyond the amount actually paid.

The question thus becomes whether the limited liability clause, which clearly seeks to limit statutorily established remedies, invalidates the entire contract. The

Third Circuit has held that a private contract duty cannot override a statutory right and that limiting liability clauses should not be enforced to limit recovery where a statutory remedy is available. *See Spinetti v. Service Corp. Intern.*, 324 F.3d 212, 216 (3d Cir. 2003) (holding that limited liability clause was unenforceable to the extent it sought to limit recovery under Title VII and the Age Discrimination in Employment Act). Thus, the limited liability clause here is likewise unenforceable.

However, unless the clause is an essential part of the arbitration agreement, the Third Circuit suggests that it can be severed without affecting the validity of the remainder of the agreement. *Spinetti*, 324 F.3d at 219 (striking illegal provision of arbitration agreement and enforcing the remainder). Absent compelling argument from the Plaintiff to the contrary, we will follow the Third Circuit's example in *Spinetti* and conclude that while the limited liability clause is invalid to the extent it seeks to limit the Plaintiff's statutory remedies, the clause nonetheless be severed from the contract without affecting the remainder of the arbitration agreement.

## IV.　CONCLUSION

For the reasons set forth in this memorandum, Springleaf's Motion to Compel Arbitration (doc. 7) shall be granted and the Plaintiff's claims against Springleaf shall be stayed pending the outcome of arbitration.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion to Compel Arbitration (Doc. 7) is **GRANTED**.

2. This action is **STAYED** against Defendant Springleaf Financial Services, Inc. until such arbitration as ordered has been completed.

3. The parties **SHALL**, within fourteen (14) days of today's Order, file a stipulation on the docket identifying a mutually agreed upon arbitrator. In the event the parties cannot agree on an arbitrator, counsel for either party shall place a letter on the docket so stating and the Court will appoint an arbitrator. The parties shall thereafter submit the claims raised in this action to arbitration in accordance with the terms of the arbitration agreement.

          s/ John E. Jones III
          John E. Jones III
          United States District Judge